Preusser agt. Florence.

## N. Y. COMMON PLEAS.

JOHN PREUSSER, respondent, agt. WILLIAM H. FLORENCE, appellant.

*Mechanic's lien — liability to contractor and workmen.*

If, according to the terms of the agreement of the owner and contractor for erecting and completing a building, the contractor could not recover of the owner the last payment, on the ground that the building was not completed, which was required by the agreement before such payment would be due, a workman, under the contractor, who had filed a lien, could not recover of the owner.

*General Term, May,* 1876.

On the 18th day of June, 1874, the defendant Hart made a contract with the defendant Florence to build a hotel for him for the sum of $12,000. The payments were to be made in installments as the work progressed, the last payment being the sum of $2,000, which was not to become due until all the work had been completed. On the 24th of December, 1874, Florence had paid to Hart $10,350 on account of the contract-price, and on the 31st day of December, 1874, the plaintiff filed a lien against the premises of the defendant Florence for work done thereon for the defendant Hart for the sum of $150, and in January Florence made payments to men employed by Hart amounting to $1,913 on account of Hart's contract, which paid it all up and for the extra work, and on the 4th day of March, 1875, plaintiff commenced this action for the foreclosure of his said lien.

The work and extra work upon said building was not com-

pleted until about May, 1875, but before the trial of this action it was all completed. The referee before whom this cause was tried reported in November, 1875, in favor of the plaintiff as against the defendant Florence as owner and the defendant Hart as contractor, and from the judgment entered upon his report this appeal is taken by the owner claiming that the judgment should be absolutely reversed.

*Allison & Shaw*, for defendant Florence, appellant.

*C. W. Dayton*, for plaintiff Preusser, respondent.

VAN BRUNT, *J.* — It is true that the referee before whom this cause was tried has reported that the work was substantially completed at the time of the commencement of this action, but how he has arrived at any such conclusion it is somewhat difficult to imagine, because the undisputed evidence is that the dumb waiter called for by Hart's contract was not put in until about the month of May, nearly two months after this action was commenced. It also appears that during the whole of the month of March and part of April, Hart was engaged in finishing up the job by building the stairs, and finishing and trimming the building. This evidence shows clearly that at the time of the commencement of this action the last payment, which was the only one upon which the plaintiff's lien could attach, was not due. Upon this state of facts Hart could not have maintained any action to recover this payment, and it is difficult to see how the plaintiff can maintain the action, which rests solely upon Hart's right to recover as against Florence.

The case of *Smith* agt. *Brady* (17 *N. Y.*, 173) has established the doctrine that before a contractor can maintain an action for money to grow due upon the completion of a contract, he must show that he has complied with the terms of his contract, and if he is not able to do this, no recovery can be had.

Preusser agt. Florence.

The principle established by that case has never been over-ruled, and, applied to the facts of the case at bar, shows that no action could have been maintained by Hart, the contractor, against Florence, the owner, at the time of the commencement of this action, because the work was not at the time completed.

It is not at all necessary to consider the question as to the effect of the payments made by Florence, the owner, to the sub-contractors on the 16th January, 1875, because the point first above discussed shows that the judgment must be reversed as to the defendant Florence, and a new trial ordered, with costs to abide the event.

Ordered accordingly.